■ PETER JULIANO, Respondent, v. MACKAY CONSTRUCTION CORP., Defendant and Fourth-Party Plaintiff-Appellant, and EDENWALD CONSTRUCTION CO., Defendant and Third-Party Plaintiff-Respondent; BELT CONTRACTING CO., Third- and Fourth-Party Defendant-Respondent.— In a negligence action to recover damages for personal injuries, defendant Mackay Construction Corp. appeals from an interlocutory judgment of the Supreme Court, Queens County, entered February 16, 1972, against it and in favor of plaintiff, upon a jury verdict on the issue of liability only, after a trial upon that issue alone. The judgment also recites that the cause against defendant Edenwald Construction Co. and the causes against third- and fourth-party defendant Belt Contracting Co. were dismissed. Judgment reversed, on the law and in the interests of justice, and new trial granted as to all parties and causes, with costs to abide the event. In our opinion, this case was improperly submitted to the jury on the theory of *res ipsa loquitur* as against defendant Mackay Construction Corp. There should be a new trial as to all the parties and all the causes, in the interests of justice. Munder, Acting P. J., Latham, Gulotta, Brennan and Benjamin, JJ., concur.

■ RUTH LEWIS, Appellant, v. ASTLEY N. HAUGHTON et al., Respondents. — In a negligence action to recover damages for personal injuries, plaintiff appeals from so much of an order of the Supreme Court, Kings County, dated January 26, 1972, as, on reconsideration, adhered to the original determination denying a general preference. Order affirmed, insofar as appealed from, without costs. In our opinion, on the basis of the medical proof submitted, Special Term properly denied the application for a general preference. Rabin, P. J., Hopkins, Martuscello, Latham and Shapiro, JJ., concur.